UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edel Rodriquez Zubiaur<br><br>        Plaintiff,<br>v.<br><br>Brightstar Credit Union;<br>and Equifax Information Services, LLC<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Scott County, Minnesota and Defendants do business in Minnesota.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Minnesota, Defendants have the necessary minimum contacts with the state of Minnesota, and this suit arises out of specific conduct with Plaintiff with Minnesota.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of Scott County, Minnesota.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Brightstar Credit Union. ("Brightstar") exists and operates under the laws of the State of Minnesota and is a furnisher of consumer credit information to consumer reporting agencies.

8. Defendant Brightstar is a foreign corporation with a registered agent in Florida of 5901 Del Lago Cir. Sunrise, FL 33313.

9. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company existing and operating under the laws of the State of Minnesota that engages in the business of maintaining and reporting consumer credit information.

10. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Minnesota of Corporation Service Company, 2345 Rice Street, Ste. 230, Roseville, MN 55113.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Brightstar and Equifax (collectively "Defendants") and has suffered particularized and concrete harm.

12. Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

13. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

14. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15. On or about February 19, 2021, Plaintiff discovered Defendant Brightstar was erroneously reporting an account ("Account") with a balance past due on Plaintiff's Equifax consumer report.

16. Plaintiff did have an account with Brightstar, but the Account was previously settled and paid in full.

17. Brightstar sent Plaintiff a letter detailing that the Account had been settled and paid in full.

18. Despite receiving the full benefit of settlement Brightstar continued to inaccuracy report the Account on Plaintiff's consumer report.

19. Equifax published the false information regarding Plaintiff to third parties.

20. The false information regarding the Account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### WRITTEN DISPUTE

21. On or about February 19, 2021, Plaintiff sent a written dispute letter to Equifax ("Dispute Letter"), disputing the inaccurate information regarding the Brightstar account reporting on Plaintiff's consumer Equifax report.

22. Upon information and belief, Equifax forwarded Plaintiff's Dispute to Brightstar for reinvestigation.

23. Upon information and belief, Brightstar received notification of Plaintiff's Dispute from Equifax.

24. Upon information and belief, Brightstar verified the erroneous information associated with the Account to Equifax.

25. Brightstar failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

27. Upon information and belief, Brightstar failed to instruct Equifax to remove the false information reporting on Plaintiff's consumer report.

28. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

29. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

30. Equifax relied on their own judgment and the information provided to them by Brightstar, rather than grant credence to the information provided by Plaintiff.

### COUNT I – Brightstar

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

31. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

32. After receiving the Dispute Letter, Brightstar failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

33. Brightstar violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute Letter; by failing to review all relevant information regarding Plaintiff's Dispute Letter; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

34. As a result of this conduct, action, and inaction of Brightstar, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. The conduct, action, and inaction of Brightstar was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

36. In the alternative, Brightstar was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from Brightstar pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

40. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

43. In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

47. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

48. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

50. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: June 2, 2021

/s/Peter J. Raukar
Peter J. Raukar
800 Lonsdale Building
302 W. Superior St.
Duluth, MN 55802
218-722-0073
pjr@trialnorthgroup.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff